UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                    Case No: 09-20138
                                                    Honorable Victoria A. Roberts

LATERESA WILSON,

    Defendant.
_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on the Government's Combined Motions In Limine to Preclude Reference to Witnesses' Criminal Histories ("Motions 1 - 9") [Doc. 14] and the Government's Amended Notice and Motion in Limine Regarding Intent to Introduce Evidence of Prior Acts Under Rule 404(b) ("Motion 10") [Doc. 15]. The Court **GRANTS** the Motions.

**II.    BACKGROUND**

Defendant is charged in a 17-count Indictment with Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Tax Returns, in violation of 26 U.S.C. § 7206(2); this is a specific intent crime. The Governments contends that Defendant assisted in the preparation of tax returns for 17 individuals, which either over or under-represented federal withholding, exemptions, wages earned, dependents, charitable deductions and loss of personal property.

The Government believes Defendant intends to present a defense that she had

1

no knowledge that the information entered on the tax returns was false or fraudulent, she only has an innocent or accidental connection to the returns, and she had no specific intent to prepare and submit the tax returns with false and fraudulent information.

Therefore, the Government moves the Court to allow the Government to admit "other acts" evidence regarding Defendant's own 2006 individual tax return. The Government also moves the Court to exclude evidence of the criminal histories of certain witnesses. Defendant did not respond by the November 9, 2009 deadline in this Court's Scheduling Order.

## III.   ANALYSIS

### A.  Overview – Motions 1 - 9

The Government brings Motions 1 through 9 under Fed. R. Evid. 609. The Government contends that nine anticipated witnesses have events listed on their computerized criminal histories (LEIN or NCIC reports) that do not qualify for admission under Rule 609. The Government, therefore, moves the Court to exclude admission of those convictions.

Rule 609 permits the admission of evidence of a felony conviction for the purpose of attacking the character for truthfulness of a witness:

> For the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . .

Fed. R. Evid. 609(a)(1).

Rule 609 also permits admission of evidence of a conviction involving dishonesty or false statement:

> [E]vidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2).

The advisory committee notes explain:

> The amendment provides that Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement. Evidence of all other convictions is inadmissible under this subsection, irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction. Thus, evidence that a witness was convicted for a crime of violence, such as murder, is not admissible under Rule 609(a)(2), even if the witness acted deceitfully in the course of committing the crime.

Fed. R. Evid. 609, Advisory Committee Notes to 2006 amendments.

In any event, "evidence of a conviction under [Rule 609] is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Moreover, in considering whether to admit criminal history evidence, the Court must balance its probative value against its prejudicial effect:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The Court will consider Motions 1 through 9 against this legal backdrop.

**B.  Motion # 1: Parrish Bush**

Mr. Bush' criminal history report lists the following criminal charges or convictions:

1.  Possession of marijuana (misdemeanor), Feb. 2, 2000

2.  Fleeing a Police Officer, Third degree (felony), Oct. 17, 2006

3.  Fleeing a Police Officer, Third degree (felony), Aug. 16, 2007

4.  Felony Firearm (felony), Feb. 27, 2007

The Government says it is not clear whether the first two charges resulted in conviction.  With regard to the first charge, the Government says it is inadmissible even if there was a conviction because it is a misdemeanor and is not a crime of dishonesty. With regard to the second charge, the Government says that unless sufficient proof of conviction is offered to the Court, reference to that charge should be excluded.

With regard to the third and fourth convictions, the Government does not challenge admissibility at this time, but reserves the right to do so should it discover information showing that evidence of the offenses is inadmissible.

The Court finds:

1. The marijuana possession charge is inadmissible because it was not punishable by more than one year in prison.

2. The Oct. 17, 2006 Fleeing a Police Officer charge is inadmissible, unless the

proponent provides sufficient evidence that Defendant was convicted of this offense.

3.  The Aug. 16, 2007 Fleeing a Police Officer conviction is admissible because it was punishable by more than one year in prison.

4.  The felony firearm conviction is admissible because it was punishable by more than one year in prison.

### C.  Motion #2: Derrick Clanton

1.  Driving with a suspended license (misdemeanor), Dec. 20, 2006

The Government contends this offense is inadmissible because it is a misdemeanor and does not require proof of an act of dishonesty or false statement.

The Court finds this offense is inadmissible because it was not punishable by more than one year in prison.

### D.  Motion #3: Charlotte Coleman

1. Retail Fraud, Second Degree (misdemeanor), Apr. 11, 1994

2.  Retail Fraud, Second Degree (misdemeanor), Dec. 26, 1996

The Government contends these convictions are inadmissible because they are misdemeanors and the offenses do not necessarily require proof of fraudulent intent, an act of dishonesty, or a false statement.  The Government argues that Michigan courts have held that a misdemeanor retail fraud conviction is not admissible under Mich. R. Evid. 609(a)(1) because it does not contain an element of dishonesty or false statement. The Sixth Circuit also held that a misdemeanor shoplifting conviction under Tennessee law is not admissible under Fed. R. Evid. 609(a)(2). See *McHenry v. Chadwick*, 896 F.2d 184 (1990).

The Court finds these offenses are inadmissible because they were not

punishable by more than one year in prison and do not involve dishonesty.

### E.  Motion #4: Tony Joyce

1.  Possession of Cocaine, less than 25 grams (?), Feb. 11, 1993

Although the original offense was a felony, the Government contends the charge was reduced to a misdemeanor.  Because it is not a crime of dishonesty, the Government says it is inadmissible.  Even if it were a felony, the Government says it is more than 10 years and should be excluded on that basis.

The Court finds this conviction is inadmissible since it is more than 10 years old.

### F.  Motion #5: Felisha Stewart (formerly McCurtis)

1.  Wrongful distribution of drugs, Apr. 9, 2006

2.  Making a false statement, Apr. 9, 2006

Mrs. Stewart is a soldier in the U.S. Army.  The Government says non-judicial punishment of reduction in rank/grade, extra duty, and restriction for 45 days was imposed under Article 15 of the Uniform Code of Military Justice ("Article 15").  The Government says punishment under Article 15 does not constitute a conviction, *Umphreyville v. Gittins*, 2009 WL 3113257 at *3 n. 5 (W.D. Va. 2009), so evidence of these charges is inadmissible under Rule 609.

The Court finds these charges are inadmissible because they did not result in conviction.

### G.  Motion #6: Benjamin Odom, Jr.

1.  Operating Without a License (misdemeanor), Oct. 26, 2004

2.  Larceny (misdemeanor), Aug. 24, 2006

6

    3.  Driving with a Suspended License (misdemeanor), Mar. 20, 2007

    4.  Delivery/Manufacture of Marijuana (felony), Mar. 20, 2007

    5.   Delivery/Manufacture of Marijuana (felony), Apr. 17, 2008

The Government says the first, second and third convictions are misdemeanors not involving dishonesty or false statement, and thus, are inadmissible under Rule 609. The Government concedes that the fourth and fifth convictions are admissible, but reserves the right to challenge their admissibility should it discover information showing that the offenses are not admissible.

The Court finds the Operating without a License, Larceny, and Driving with a Suspended License convictions are inadmissible because they were not punishable by more than one year in prison.  The Court finds the felony convictions for Delivery/Manufacture of Marijuana are admissible.

    **H.  Motion #7: Monie Walker**

    1.  Worthless Check (misdemeanor), Mar. 10, 2003

The Government says Ms. Walker received a disposition of adjudication withheld. Because a withheld adjudication is not a conviction, *U.S. v. Svete*, 521 F.3d 1302, 1312 n. 12 (11th Cir. 2008); the Government says it is inadmissible.  Even if she had been convicted, the Government says it is a misdemeanor that does not involve dishonesty, and would still be inadmissible under Rule 609.

The Court finds this adjudication is inadmissible because it is not a conviction.

    **I.  Motion #8: Kenyata Willis**

    1.  Driving with a Suspended License (misdemeanor), Nov. 10, 2000

The Government says this offense is a misdemeanor, not involving dishonesty or

false statement, and thus, is inadmissible under Rule 609.

The Court finds this conviction inadmissible because it was not punishable by more than one year in prison.

### J. Motion #9: Andrea LaRock

1. Delivery/Manufacture of Marijuana (felony), Nov. 10, 2000

2. Using a Check with Insufficient Funds (misdemeanor), Feb. 22, 2006

The Government says Ms. LaRock received a deferred disposition for the first charge under MCL § 333.7411, which provides that if the defendant successfully completes probation, the court must discharge the defendant from probation and dismiss the charge without an adjudication of guilt.  Thus, the Government says that unless evidence is presented which shows Ms. LaRock was convicted of this offense, it should be excluded.

Regarding the second offense, "intent to defraud" is an element of the offense. Thus, the Government does not challenge the admissibility of the second offense, but reserves the right to challenge its admissibility should it discover information showing that the offense is not admissible.

The Court finds the Delivery/Manufacture of Marijuana conviction is inadmissible, unless the proponent presents evidence that the charge resulted in a conviction.  The Court finds the Using a Check with Insufficient Funds conviction is admissible.

### K. Motion #10: Defendant, LaTeresa Wilson

The Government brings Motion 10 under Fed. R. Evid. 401 and 404(b) Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 404 provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid 404(b).

The Government intends to offer evidence that Defendant's own 2006 tax return contained false and fraudulent information that she was employed as a cook at the Marriott Hotel in 2006, when in fact she was terminated from that job on November 24, 2004 and was never rehired.  The Government also wants to offer evidence that a fraudulent W-2 form was submitted in support of the tax return.  The Government contends this evidence is relevant to the issues of intent, knowledge, plan, preparation, and method of operation, because like the offenses alleged in the indictment, Defendant's 2006 tax return contained false and fraudulent information relating to wage earnings and income withholding.  The Government says this evidence is more probative than prejudicial, and therefore, seeks its admission under Rule 404(b).

As set forth in all 17 counts of the Indictment, Defendant prepared individual tax returns for individuals who visited Liberty Tax Service (her employer in 2004) and Bay Bay's Dollar Store (a retail store with a tax preparation business within the store; Defendant was a business partner, responsible for preparing tax returns in 2005).  The returns allegedly contained false or fraudulent personal property loss, casualty loss,

9

federal withholding, wage earnings, charitable deductions, dependents, and/or unreimbursed employee expenses to which the taxpayers were not entitled.  In support of the returns, fraudulent W-2 forms were submitted which documented either the fraudulent earned wage amounts and/or the fraudulent withholding amounts.

Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Tax Returns is a specific intent crime.  Therefore, to establish a violation of 26 U.S.C. § 7206(2), the Government must prove the following elements beyond a reasonable doubt: (1) Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws; (2) the document was false as to a material matter; and (3) the Defendant's act was willful. *United States v. Goosby*, 523 F.3d 632 (2008).  A defendant may be convicted under § 7206 even if his involvement in the preparation of certain returns was minimal. See *United States v. Searan*, 259 F.3d 434 (6th Cir. 2001).

The Sixth Circuit outlined a four-step process for the admission of Rule 404(b) evidence.  First, the proponent of the evidence must identify the specific purpose of the "other acts" evidence. *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996).  Second, the district court must decide whether the identified purpose is at issue in the case. *Id.* at 1076-77.  Third, if the purpose is at issue, the district court must weigh the probative value against the danger of unfair prejudice. *Id.* at 1077.  Finally, if the district court admits the evidence, it must then clearly instruct the jury as to the specific purpose for which the jury may consider the evidence. *Id.*

Evidence that Defendant's own tax return contained false and fraudulent information is relevant to the issues of intent, knowledge, plan, preparation, and method

of operation with respect to these 17 tax returns; it tends to make a defense of innocence, coincidence or mistake less plausible. The Court finds the evidence more probative than prejudicial. Therefore, evidence that Defendant's 2006 tax return contained false and fraudulent information and that she submitted a fraudulent W-2 form in support of the tax return is admissible.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2009.

s/Linda Vertriest
Deputy Clerk